UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEVIN FERNANDEZ,<br><br>　　　　　　　Plaintiff,<br>　v.<br>DAWN JONES, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-00654-MMD-BNW<br><br>ORDER |

Pro se Plaintiff Kevin Fernandez filed this civil rights action under 42 U.S.C. § 1983 while incarcerated at High Desert State Prison. (ECF No. 1-1 at 1.) On December 4, 2024, the Court entered an order noting that the Nevada Department of Corrections inmate database showed that Fernandez had been released from custody. (ECF No. 4 at 1.) The Court therefore ordered Fernandez to do two things by January 3, 2025: file his updated address with the Court and either file a fully complete application to proceed in forma pauperis for non-prisoners or pay the full $405.00 filing fee. (*Id.*) The Court warned Fernandez that failure to timely comply with that order would subject this case to dismissal without prejudice. (*Id.*) That order was returned to the Court as undeliverable. (ECF No. 5.) Fernandez also has not complied with the order, moved for an extension, or otherwise responded.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)

(dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Fernandez's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Here, this action cannot realistically proceed without the ability for the Court and Defendants to send Fernandez case-related documents, filings, and orders. Nor can it realistically proceed until and unless Fernandez either files a fully complete application to proceed in forma pauperis for non-prisoners or pays the full

$405.00 filing fee. The only alternative to dismissal, therefore, is to enter a second order setting another deadline. But without an updated address, the likelihood that the second order would even reach Fernandez is low, so issuing a second order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. Thus, the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Fernandez's failure to comply with the Court's December 4, 2024, order by not filing an updated address and not either filing a fully complete application to proceed in forma pauperis for non-prisoners or paying the full $405.00 filing fee. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Fernandez wishes to pursue his claims, he must file a complaint in a new case and provide the Court with his current address.

It is further ordered that Fernandez's motion for appointment of counsel (ECF No. 3) is denied as moot.

DATED THIS 14th Day of January 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE